UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**BRYAN ESPINOZA**, :
:
                Plaintiff, :
: **MEMORANDUM DECISION AND**
   – against – : **ORDER**
:
: 22-CV-184 (AMD) (LB)
**THE BILL AND MELINDA GATES** :
**FOUNDATION**, :
:
                Defendant. :
:
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

     Before the Court is the defendant's motion to dismiss pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff's motion to remand and the plaintiff's motions to compel and for sanctions. (ECF Nos. 8, 12, 19, 20.) For the reasons explained below, the defendant's motion is granted, and the plaintiff's motions are denied.[1]

## BACKGROUND

     On November 4, 2021, the plaintiff filed this action in New York Civil Court, Kings County. (ECF No. 1-1.) Although the underlying complaint named "CEO Mark Suzman of the Bill and Melinda Gates Foundation," the plaintiff served the Bill and Melinda Gates Foundation, and there is no indication that he also served Mr. Suzman. (ECF No. 1; ECF No. 8-12.) The Bill and Melinda Gates Foundation removed the action to this Court on January 12, 2022 on the basis of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1.)

---

[1] Because the defendant paid the filing fee when it removed the action (ECF No. 1), the plaintiff's motion to proceed *in forma pauperis* is denied as moot. (ECF No. 11.)

The plaintiff's pleadings include a complaint, a notice of summons and a series of exhibits. (ECF No. 1-1.) The plaintiff asserts five claims against the defendant: (1) "dishonored checks;" (2) "personal injuries through discrimination and profiling;" (3) "failure to provide proper services . . . as a public official of a 501(c)(3) non-profit organization;" (4) "monies due in grand larceny by deception;" and (5) "loss time for work . . . as a start-up architect entrepreneur of which these acts by the [defendant] has left me in a very vulnerable state with a professional hourly rate in judgment with serious probable cause in intent of blackmail and blacklisting." (*Id.* at 4.) The plaintiff seeks $96,600.00 in damages, and maintains that each claim "is supported with serious evidence and criminal conviction." (*Id.*) The notice of summons also refers to a "criminal conspiracy," and cites violations of various statutes, including 18 U.S.C. §§ 1341, 241, 242 and 10 U.S.C. § 921. (*Id.*)[2]

The plaintiff's exhibits include a series of emails between the plaintiff and individuals using the following email accounts: marksuzmanofficial@gmail.com, bmgfofficial@outlook.com, collingsworthrconnie@gmail.com, and rbs.co.uk.official.rbs@gmail.com. (ECF No. 1-1 at 5, 16, 21, 34-37.) Also included within the plaintiff's submissions are text and Twitter communications between the plaintiff and someone claiming to be Mark Suzman, as well as the plaintiff's American Express payment history in November and December 2020 and February and March 2021. (*Id.* at 6-14, 17-20, 22-32.)

---

[2] The plaintiff filed a similar action in the Eastern District of New York against the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"). *See Espinoza v. FBI et al.*, No. 21-CV-4749, ECF No. 1 (E.D.N.Y. Aug. 19, 2021). In that case, the plaintiff alleged that the defendants did not investigate his "serious criminal complaints" about "CEO Mark Suzman, of the Gates Foundation, leaving [him] victim to Grand Larceny by Deception, as well as, [e]nticement with intent in Scam and Fraud." *Id.* at 5. In an order dated November 16, 2021, the Honorable William F. Kuntz dismissed the complaint because the plaintiff did not state a claim for relief, and because sovereign immunity precluded the plaintiff's monetary damages claim against the FBI and CIA. *See Espinoza*, No. 21-CV-4749, ECF No. 7 (E.D.N.Y. Nov. 16, 2021).

The origins of the plaintiff's complaints are not clear, but according to the correspondence he attached to his complaint, at some point, individuals claiming to be Mark Suzman, Steven Rice and the "Royal Bank of Scotland" asked the plaintiff to buy $2,000 in gift cards, and also to make various payments, including a $600 "membership fee" for the "Bill and Melinda Gates Foundation Trust," a $3,000 "bank transfer fee" and a $2,300 deposit. (*Id.* at 9, 27, 35-36; ECF No. 12-2 at 3.) In a November 24, 2020 email, the plaintiff characterized the requests as "bizarre," and said that he "was not really to[o] happy with this notion of buying gift cards to get you your money back." (*Id.* at 16.) On May 1, 2021, the plaintiff "warn[ed]" the person using the marksuzmanofficial@gmail.com email address that a "summons . . . will be on its way to you regarding aggravated assault and possible charge on grand larceny by false deception." (*Id.* at 5.)

After the defendant removed the action, it moved to dismiss the complaint for failure to state a claim on January 19, 2022. (ECF No. 8.) The defendant attached exhibits to its motion, including two attorney declarations and filings from the plaintiff's previous cases in state and federal court. (*See* ECF Nos. 8-2–14.) While I decline to consider the factual assertions in the defendant's attorney declarations,[3] I take judicial notice of the case filings "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154-56 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

---

[3] Courts considering a Rule 12(b)(6) motion to dismiss may rely on the complaint itself, documents attached to it or incorporated in it by reference, or documents that are integral to the complaint. *See Global Network Commc'ns*, 458 F.3d at 154-56.

3

On February 7, 2022, the plaintiff moved to remand this action to state court. (ECF Nos. 12, 17.) In addition to arguing that removal was improper, the plaintiff reiterated his five claims against the defendant, and alleged new detail about the "scam[s]" that various people perpetrated against him. (ECF No. 12-2 at 2-4.) For example, he alleged that he "received a very strange morning phone call from someone who claimed to be a government agent inquiring about funds that had not cleared on [his] accounts," and that Mr. Suzman purchased two phones from the plaintiff's Verizon account. (*Id.* at 3.) The plaintiff also attached additional communications and bank records, many of which appear identical to the exhibits attached to his complaint. (*Id.* at 9-47.)[4] In light of the special solicitude afforded *pro se* litigants, it is appropriate for the Court to consider these documents in evaluating the defendant's motion to dismiss. *See Cuffee v. City of New York*, No. 15-CV-8916, 2017 WL 1232737, at *4 (S.D.N.Y. Mar. 3, 2017) ("[T]he mandate that a *pro se* plaintiff's complaint be construed liberally makes it appropriate for the court to consider the factual allegations in a *pro se* plaintiff's opposition materials to supplement the allegations in the complaint."); *Sommersett v. City of New York*, No. 09-CV-5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011) ("[W]here a pro se plaintiff has submitted other papers to the Court, such as legal memoranda, the Court may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations.").

## LEGAL STANDARD

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631

---

[4] The plaintiff filed a similar set of exhibits to the docket on March 3, 2022. (*See* ECF No. 16.)

4

F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8.  A complaint fails to state a claim "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks, alterations and citations omitted).

Because the plaintiff is proceeding *pro se*, I construe his complaint liberally, and evaluate it by "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  The plaintiff's claims must be "read to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (internal quotation marks and citations omitted).

## DISCUSSION

### I. The Plaintiff's Motion to Remand

I first address the plaintiff's motion for remand.  A federal court can remand an action for lack of subject matter jurisdiction at any time before the entry of judgment.  28 U.S.C. § 1447(c); *see also JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 74 (2d Cir. 2019) (summary order).  Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states."  28 U.S.C. § 1332.  A defendant seeking to remove an action to federal court based on diversity jurisdiction "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount of $75,000." *Palmer v. Schindler Elevator Corp.*, No. 17-CV-3619, 2017 WL 3037411, at *2 (E.D.N.Y. July 18, 2017) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)) (internal quotation marks omitted); *cf.*

5

28 U.S.C. § 1446(c)(2)(B) (removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). To determine whether the defendant has met that burden, the court looks first to the complaint and then to the petition for removal.  *Mehlenbacher*, 216 F.3d at 296.

> The defendant has met its burden of establishing that removal was proper.  First, because the plaintiff lives in New York and the defendant is a Washington-based entity with a principal place of business in Seattle, Washington, diversity of citizenship is satisfied under 28 U.S.C. § 1332.  (*See* ECF No. 1 ¶¶ 8-9; ECF No. 1-1 at 2); *Andrews v. Modell*, 636 F. Supp. 2d 213, 220 (S.D.N.Y. 2008) ("The complete diversity requirement . . . is satisfied if each plaintiff is a citizen of a different state from each defendant." (internal citation omitted)).[5]  Second, because the complaint seeks approximately $96,600.00 in damages,[6] the amount in controversy exceeds the threshold jurisdictional amount of $75,000 under 28 U.S.C. § 1332(a)(1).  *See Hutchison v. State Farm Fire & Cas. Co.*, No. 17-CV-1005, 2017 WL 7735190, at *1 (S.D.N.Y. Nov. 20, 2017) ("Where the basis for removal is federal diversity jurisdiction, some indication that the amount-in-controversy requirement has been satisfied must appear on the face of the pleadings." (citing *In re Methyl Tertiary Butyl Ether Products Liability*, 488 F.3d 112, 124 (2d Cir. 2007))).  Although the plaintiff appears to argue that the amount in controversy is not met because of each of his claims is for $25,000 or less (ECF No. 12-2 at 2), a party "is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999).  Finally, the defendant

---

[5] To the extent that the plaintiff intended to name Mr. Suzman as an individual defendant, the defendant submits that he is also a citizen of Washington.  (*See* ECF No. 1 ¶ 9.)

[6] The plaintiff confirms that his complaint seeks $96,600.00 in total damages in various submissions to the Court.  (*See* ECF No. 12-2 at 4; ECF No. 17 at 5; ECF No. 19 at 3.)

filed the notice of removal in a timely fashion, and gave the plaintiff proper notice pursuant to 28 U.S.C. § 1446(b).

Accordingly, removal was appropriate under the Court's diversity jurisdiction, 28 U.S.C. § 1332, and the plaintiff's motion for remand is denied.

## II.     The Defendant's Motion to Dismiss

The plaintiff brings claims against the defendant for (1) issuing "dishonored checks," (2) causing "personal injuries through discrimination and profiling" (3) not "provid[ing] proper services," (4) committing "grand larceny by deception," and (5) causing him to forego "time for work."  (ECF No. 1-1 at 4; ECF No. 12-2 at 2-4.)  However, the plaintiff does not plead any facts to support an inference that the defendant is responsible for the conduct and injuries that the plaintiff alleges.

Even when construed liberally, the complaint does not "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  Nor does the complaint satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to provide a short, plain statement of his claim against a defendant.  *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  The plaintiff's claims against the Bill and Melinda Gates Foundation are implausible and border on irrational; indeed, it is apparent from the face of the plaintiff's complaint and submissions that unknown third parties, not officials from the Bill and Melinda Gates Foundation, were the people who convinced him to send them money and gift cards.  The communications have the classic hallmarks of a scam; they contain grammatical errors and suspicious demands for payment and financial information that no reputable organization would make.  Moreover, they come from various personal email accounts, not from the defendant.  *See Driessen v. Royal Bank of Scotland*, 691 F. App'x 21, 22 (2d Cir. 2017) ("[The plaintiff] should have realized that

7

whomever she was communicating with was not connected to RBS, and that RBS cannot possibly be held liable"); *Sowell v. Jeffries*, No. 18-CV-3395, 2018 WL 10879389, at *1 (E.D.N.Y. June 13, 2018) (dismissing as frivolous the plaintiff's claims "that [her] personal computer, cellphone and car were hacked and that Congressman [Hakeem] Jeffries failed to take action when she complained to him").

The plaintiff also alleges that the defendant violated multiple criminal statutes—18 U.S.C. §§ 241 and 242, which prohibit conspiracy against rights and deprivation of rights under color of law; 18 U.S.C. § 1341, which prohibits mail fraud—and 10 U.S.C. § 921, Art. 121, a provision of the Uniform Code of Military Justice that punishes larceny.  (ECF No. 1-1 at 4.) "As a general matter . . . crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)).  "A private individual may bring suit under a federal [criminal] statute only when Congress specifically intended to create a private right of action." *See Hill*, 191 F. App'x at 14-15 (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002)).

The plaintiff cannot bring claims under the provisions he cites because they are federal statutes that do not confer private rights of action. *See Hill*, 191 F. App'x at 14 (no private right of action under 18 U.S.C. §§ 241, 242, and 1341); *McArthur v. Yale New Haven Hosp.*, No. 20-CV-998, 2021 WL 3725996, at *4 (D. Conn. Aug. 23, 2021) (no private right of action under 10 U.S.C. § 921).  The plaintiff also alleges a violation of "Investigative Reporting Requirements § 8-703," which appears to refer to a provision of the New York City Administrative Code relating

to discriminatory boycotts. But that provision is entirely irrelevant, and cannot support a plausible claim. For these reasons, the plaintiff's claims are dismissed.[7]

Although the Court would ordinarily allow the plaintiff an opportunity to amend his pleading, *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), that is not warranted in this case, because it is clear that the problems with the complaint are substantive and that amendment would be futile. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224-25 (2d Cir. 2017) ("Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012))); *Calvino v. Rivera*, No. 20-CV-0872, 2020 WL 527931, at *1 (S.D.N.Y. Feb. 3, 2020) (dismissing complaint as frivolous without leave to amend where "the defects in Plaintiff's complaint cannot be cured with an amendment").

---

[7] The plaintiff filed two letters that appear to seek sanctions and to compel the defendant to provide information. (ECF Nos. 19, 20.) There is no legal or factual basis for his requests. In any event, to the extent that the plaintiff moves to compel discovery responses, his application is denied as moot in light of my decision to dismiss the complaint. *See, e.g.*, *Romain v. Cap. One, N.A.*, No. 13-CV-3035, 2013 WL 6407731, at *4 (E.D.N.Y. Dec. 9, 2013) (dismissing plaintiff's motion to compel discovery as moot in view of court's order dismissing complaint).

9

## CONCLUSION

For these reasons, the plaintiff's claims are dismissed with prejudice. Furthermore, plaintiff's motion for remand is denied, and the plaintiff's motions to compel and to sanction the defendant are denied as moot. The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

                                                                           s/Ann M. Donnelly
                                                                     ANN M. DONNELLY
                                                                     United States District Judge

Dated: Brooklyn, New York
        September 21, 2022